IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:05-619-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Peggy Ann Byrd, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Peggy Ann Byrd's ("Byrd") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Byrd's claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Byrd is currently incarcerated at the Federal Corrections Institute in Tallahassee, Florida. On August 24, 2005, Byrd pled guilty pursuant to a written plea agreement to one count of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 846, and two counts of violating 21 U.S.C. §§ 861(a)(1) and 861(b). On November 29, 2005, Byrd was sentenced to two hundred forty (240) months' imprisonment on count 1 and two hundred ninety-two (292) months' imprisonment on counts 2 and 3, such terms to be served concurrently, followed by a period of supervised release, and ordered to pay monetary penalties. Byrd did not appeal her sentence.

In her § 2255 motion, Byrd lists two grounds for relief. First, Byrd claims that her Fifth Amendment right to due process and Sixth Amendment right to a jury trial were violated "when [Byrd] was sentenced based upon an amount of drugs that was not proved to a jury beyond a reasonable doubt, nor admitted to by the Petitioner, resulting in a sentence in excess

1

of the Statutory Maximum." (Byrd's § 2255 Mot. 4.) Second, Byrd claims that her "Sixth Amendment Right to Effective Assistance of counsel was denied when counsel failed to give reasonable advice during plea negotiations, leading to the entering of an unknowing, involuntary, and invalid plea." (Id. 14.) For the reasons set forth below, the court finds that Byrd's claims are without merit and are summarily dismissed.

## II. Discussion of the Law

### A. Apprendi

As a preliminary matter, Byrd did not raise her claims for violations of her rights to a jury trial and due process on direct appeal. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which [s]he complains or [s]he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493.

Byrd argues that cause exists in her case because the case upon which her claims allegedly rest, Shepard v. United States, 125 S. Ct. 1254 (U.S. 2005), "was not issued until the expiration of the Petitioner's direct appeal proceedings." (Byrd's § 2255 Mot. 5.) This argument is without merit. As set forth below, Byrd's claims rest on Apprendi v. New Jersey, which was decided in 2000. 530 U.S. 466 (2000). Further, Shepard created no new, relevant constitutional right that would excuse Byrd's failure to raise her claims on direct appeal.

Therefore, Byrd's claims alleging violations of her due process right and right to a jury trial are procedurally barred.

Additionally, these claims are substantively without merit. Byrd argues that her sentence is invalid because the court relied on "factors that were not submitted to a jury for proof beyond a reasonable doubt, namely the amount of drugs . . . ." (Byrd's § 2255 Mot. 6.) As such, Byrd argues that the United States Supreme Court's holdings in <u>Apprendi</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>Shepard</u>, 544 U.S. 13 (2005), render her sentence invalid. However, Byrd's argument is without merit.

Under <u>Apprendi</u>, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490. "[T]he statutory maximum for <u>Apprendi</u> purposes is the maximum sentence a judge may impose *solely* on the basis of the *facts reflected in the jury verdict or admitted by the defendant*." <u>Booker</u>, 543 U.S. at 228 (internal quotation marks omitted). Byrd pled guilty to all three counts of the indictment. Further, at her sentencing, Byrd withdrew her objections to the drug amounts attributed to her in return for a one-point reduction in her total offense level. (Sentencing Tr. 2-4.) Byrd was sentenced to two hundred forty (240) months' imprisonment on count 1, and two hundred ninety-two (292) months' imprisonment on counts 2 and 3, such terms to be served concurrently.

Byrd's sentence does not violate <u>Apprendi</u>, as the statutory maximum under 21 U.S.C. § 841(b)(1)(C) is twenty years. See 21 U.S.C. §§ 841(b)(1)(C) (1999). Moreover, Byrd's

3

292-month sentence on counts 2 and 3 was within the forty-year statutory maximum applicable to Byrd's vioation of 21 U.S.C. § 861.  See 21 U.S.C. § 861(b) (1999) (subjecting anyone who violates § 861(a)(1) to "twice the maximum punishment otherwise authorized").  Because Byrd's sentence did not exceed the statutory maximum for the crimes to which she pled guilty, Byrd's claim that her sentence violates Apprendi and Blakely is without merit.  Further, Byrd has alleged no facts which would support a finding that her sentence violates either Booker or Shepard.  For the foregoing reasons, Byrd's claims that her sentence violates Apprendi, Blakely, Booker, and Shepard are summarily dismissed.

### B.  Ineffective Assistance of Council

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Byrd must demonstrate that her counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by her counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, Byrd must demonstrate a "reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Byrd appears to base her claim of ineffective assistance of counsel on the fact that her attorney, Margaret Chamberlain ("Chamberlain"), did not object at sentencing to the drug weight attributed to Byrd.  (Byrd's § 2255 Mot. 17-18.)  Further, Byrd argues that she did not "receive the 3-level reduction as previously promised for acceptance of responsibility" and

4

that her plea was "unknowing, unintelligent, and invalid" because of "false promises" made by Chamberlain regarding her sentence length. (Id. 18, 20.)

First, Byrd argues that she received ineffective assistance of counsel because Chamberlain did not object to the drug weights attributed to Byrd at her sentencing. At Byrd's sentencing, Chamberlain informed the court that Byrd "originally had an objection to the drug amount. After conferring with the prosecutor he and I have reached an agreement, if it's acceptable to the court, that the total offense level will be reduced to 40 from 41 . . . and if indeed that's acceptable to the court we would withdraw our objections." (Sent. Tr. 2-3.) "To succeed in [her] ineffective assistance of counsel claim, [Byrd] must overcome the presumption that the challenged action may be considered an appropriate and necessary . . . strategy under the circumstances." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995).

Byrd presents no facts indicating that Chamberlain's decision to withdraw the objections to the drug amounts in exchange for a one-point reduction in Byrd's total offense level was unreasonable. Further, the court asked Byrd if she had "had enough time to discuss this matter with your attorney" and whether Byrd was "satisfied thus far with the representation of your attorney." Byrd answered both questions affirmatively. (Sentencing Tr. 2.) Additionally, Byrd fails to demonstrate any prejudice as a result of Chamberlain's decision to accept the agreement with the prosecutor and withdraw Byrd's objections. Chamberlain informed Byrd of the agreement prior to the sentencing, and Byrd did not object to accepting the agreement. (Byrd's § 2255 Mot. 17-18.) Additionally, the court asked Byrd directly if she had any objections to the presentence report, and Byrd responded, "No, sir." (Sentencing Tr. 4.) Finally, Byrd fails to allege facts indicating that the court would have agreed with her

5

objections to the presentence report had Byrd made them.

Second, Byrd asserts that she did not receive a promised three-level reduction for acceptance of responsibility. Contrary to Byrd's assertion, Byrd received a three-level adjustment for acceptance of responsibility pursuant to United States Sentencing Guidelines ("USSG") § 3E1.1. (Presentence Investigation Rep. 14.) Therefore, Byrd's argument that she "did not derive a single benefit from entering the plea" is without merit. (Byrd's § 2255 Mot. 20.)

Finally, Byrd argues that her guilty plea was involuntary because of "counsel's false promises regarding sentence length." (Id.) Byrd does not explicitly explain what false promises were made to her by Chamberlain. However, when Byrd entered her guilty plea, the court asked Byrd, "Has anyone, including your attorney, promised you what your sentence would be?" (Guilty Plea Tr. 18.) Byrd answered, "No, sir." (Id.) Additionally, the court explained to Byrd that "[t]he Court is not required to follow the guidelines but the Court is required to consider those guidelines," and that "[t]he Court could impose a sentence which is more severe or less severe than called for by the guidelines." (Id. 20-21.) Further, the court asked Byrd whether she had reviewed her plea agreement with her attorney, whether she understood the plea agreement, and whether the plea agreement represented Byrd's entire agreement with the government. Byrd answered all three questions affirmatively. (Id. 19-20.) Byrd's written plea agreement contained no promises regarding her sentence length. (Byrd's Guilty Plea Agreement 1-3.)

Byrd testified that Chamberlain made no promises to her regarding her guilty plea, and that her written plea agreement represented her entire agreement with the government.

6

Further, the court clearly informed Byrd that the court would ultimately determine her sentence. Therefore, Byrd's unspecific allegation of false promises made by her counsel regarding her sentence length is without merit. Based on the foregoing, Byrd's § 2255 motion is summarily dismissed.

Therefore, it is

**ORDERED** that Byrd's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 08, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.